UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GROUPON, INC.,<br><br>　　　　Defendant. | Civil Action No. 12-cv-02781-JPM-cgc<br><br>Hon. Jon Phipps McCalla |

**DEFENDANT GROUPON, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant, Groupon, Inc. ("Groupon"), respectfully submits this Memorandum in support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and states as follows:

**INTRODUCTION**

Groupon respectfully requests that this case be transferred to the Northern District of California according to 28 U.S.C. § 1404(a). Compelling reasons exist to transfer this case to the Northern District of California, which is the clearly more convenient forum. The Western District of Tennessee has no real interest in deciding the outcome of this case.

Unlike the Western District of Tennessee, the Northern District of California has real and substantial connections to this case. Until recently, Plaintiff, B.E. Technology, LLC ("B.E."), was a company based out of Saginaw, Michigan. Only one day before filing lawsuits against 19 defendants did B.E. register to transact business in Tennessee. Many of those 19 defendants have their center of operations in the Northern District of California. Even B.E.'s lead counsel is located in the Northern District of California. It appears that B.E.'s contacts with the Western District are extremely limited and recent. Accordingly, B.E.'s choice of venue is entitled to no

deference. *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2010) (courts should not "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient").

The Northern District of California is the center of the relevant evidence in this case and the clearly more convenient venue. B.E. accuses Groupon of infringing U.S. Patent No. 6,628,314 ("the '314 patent") by "using a method of providing demographically targeted advertising that directly infringes." *See* Compl., Dkt. No. 1. To the extent Groupon understands B.E.'s infringement contentions, B.E. accuses Groupon's daily deal website and the user targeting and personalization features available thereon of infringement. This technology is primarily developed in Groupon's Palo Alto, California office. Thus, while Groupon's business operations are headquartered in Chicago, Illinois, the purported technology at issue in this case is principally developed and maintained within the Northern District of California. While Chicago would normally be the preferred forum for Groupon, the likely Groupon witnesses, documents, and other relevant evidence associated with the accused products and services are located in the Northern District of California. Similarly, B.E. has asserted its infringement claim against a total of 18 other defendants in this District, a majority of whom are located on the West Coast, and a large number of whom are either headquartered in, or otherwise have a substantial presence within, the Northern District of California. Indeed, at least seven other defendants, including Google, Apple, Pandora, Barnes & Noble, LinkedIn, Spark Networks, and Motorola have already moved to transfer those cases to the Northern District of California.[1] Furthermore, a

---

[1] *See, e.g.*, *B.E. Tech., L.L.C. v. Google, Inc.*, Case No. 12-cv-02830, Dkt. No. 22; *B.E. Tech., L.L.C. v. Apple, Inc.*, Case No. 12-cv-02831, Dkt. No. 22; *B.E. Tech., L.L.C. v. Pandora Media, Inc.*, Case No. 12-cv-02782, Dkt. No. 19; *B.E. Tech., L.L.C. v. Spark Networks, Inc.*, Case No. 12-cv-02832, Dkt. No. 20 (seeking transfer to the Central District of California, but in the alternative, the Northern District of California); *B.E. Tech., L.L.C. v. Motorola Mobility Holdings, LLC*, Case No. 12-cv-02866, Dkt. No. 18; *B.E. Tech., L.L.C. v. Barnes & Noble, Inc.*, Case No. 12-cv-02823, Dkt. No. 28; *B.E. Tech., L.L.C. v. LinkedIn Corp.*, Case No. 12-cv-02772, Dkt. No. 21.

large number of relevant third-party witnesses on the invalidity of the asserted patents also reside within, or are otherwise subject to compulsory process in, the Northern District of California.

The Northern District of California faces a particularized local interest in passing judgment on products and technology that were developed within its boundaries. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding a strong local interest where a case "calls into question the work and reputation of several individuals residing in or near that district.") However, this case has no unique local connection to the Western District of Tennessee, as Groupon does not develop the accused technology in the Western District of Tennessee.

In the interests of justice and convenience, this case should be accordingly transferred to the Northern District of California. The center of gravity of this case is clearly the Northern District of California, as numerous other defendants have moved for transfer to the Northern District of California and numerous relevant third-party witnesses reside in the Northern District of California. Groupon's Motion should be granted.

## FACTUAL BACKGROUND

B.E. sued Groupon on September 10, 2012, as part of a broad litigation campaign against a number of Defendants.[2] B.E. accuses Groupon of infringing the '314 patent and similarly accuses other Defendants of infringing either the '314 patent and/or U.S. Patent No. 6,771,290 ("the '290 patent").

---

[2] The "Defendants" collectively include: Groupon, Motorola Mobility Holdings LLC ("Motorola"), Amazon Digital Services, Inc., Facebook, Inc., LinkedIn Corp., Google, Inc., Pandora Media, Inc., Twitter, Inc., Barnes & Noble, Samsung Telecommunications America, LLC, Samsung Electronics America, Inc., Sony Computer Entertainment, Sony Mobile Communications, Sony Electronics, Inc., Microsoft Corp., Apple, Inc., Spark Networks, Inc., People Media, Inc., and Match.com L.L.C. *See* Case Nos. 12-cv-02830, 12-cv-02866, 12-cv-02767, 12-cv-02769, 12-cv-02772, 12-cv-02781, 12-cv-02782, 12-cv-02783, 2:12-cv-02823, 12-cv-02824, 12-cv-02825, 2:12-cv-02826, 12-cv-02827, 12-cv-02828, 12-cv-02829, 12-cv-02831, 12-cv-02832, 12-cv-02833, and 12-cv-02834, respectively (collectively, the "B.E. Litigations").

## I. Relevant Groupon Witnesses and Documents Are Located in the Northern District of California.

The Northern District of California is the center of gravity for the accused Groupon activities as Groupon's Palo Alto and San Francisco offices develop and maintain the overwhelming bulk of Groupon's products and services. *See* Decl. of David Thacker, ("Thacker Decl."), attached hereto as **Exhibit A**, at ¶ 4.[3]  For example, prospective witnesses who may have relevant information with regards to the design, development, and operation of the accused products and services and who are based in Groupon's Palo Alto office include: David Thacker, Senior Director of Product Management; Amit Aggarwal, Senior Director – Engineering (who oversees a team of about 25 engineers located in Palo Alto); and Sean O'Brien, Senior Manager – Software Engineer (who oversees a team of about 6 engineers located in Palo Alto). *See id*. ¶ 5. Moreover, a former Groupon employee with relevant information regarding the design, development, and operation of the accused products and services, Suneel Gupta (formerly the Senior Director of Product Development) worked out of Groupon's Chicago office but presently resides within the Northern District of California in San Francisco.[4] *See id*. ¶ 8.

Conversely, Groupon has no offices, facilities, or product development employees in the Western District of Tennessee. *See* Thacker Decl. ¶ 9.  Nor is Groupon aware of any relevant documents, employees, or witnesses related to the accused products and services that are located in the Western District of Tennessee. *See id*. ¶¶ 10-11.  In contrast to B.E.'s limited and recent

---

[3] Groupon recently filed a Motion to Transfer Venue in an unrelated case pending in the Eastern District of Texas, *Blue Calypso, Inc. v. Groupon, Inc.*, Case No. 6:12-cv-486 (E.D. Tex.), Dkt. No. 12.  In that case, Groupon seeks transfer to the Northern District of Illinois rather than the Northern District of California due to the fact that the bulk of relevant evidence, witnesses, and third parties in that case are located in or near Groupon's Headquarters in Chicago, Illinois, rather than the Northern District of California. *See id.*  While the accused Groupon targeting and personalization technology at issue in this case is primarily developed out of Groupon's California offices, the incentive-based referral programs accused in the *Blue Calypso* case were primarily developed out of Groupon's Chicago Headquarters. *Id.*

[4] Additionally, as Groupon's headquarters are based in Chicago, some Groupon employees with knowledge about Groupon's products and services may be located there, including a small group of about 4-5 employees with responsibility for data collection on Groupon's website. *See* Thacker Decl. ¶ 6.

connections to this forum, the foreseeable relevant defense witnesses and evidence, including those who Groupon anticipates including in its initial disclosures, are primarily located within the Northern District of California.

## II.     Plaintiff's Connection to This Forum Is Limited and Recent.

B.E. is a Delaware corporation and was recently listed as a Saginaw, Michigan-based company in filings before the U.S. Patent and Trademark Office.  *See* Compl. ¶ 2; U.S. Pat. Publcation No. 2012/0158512, attached hereto as **Exhibit B**.  Even according to the Tennessee Secretary of State website, it was not until September 6, 2012—*the day before* filing the first of its Litigations here—that Plaintiff even registered to do business in Tennessee.  *See* Printout from the Tennessee Secretary of State website, attached hereto as **Exhibit C**.  Plaintiff does not sell or manufacture any products, and does not appear to have an office in Memphis, even though it asserts that Memphis is its principal place of business.  Additionally, Plaintiff's counsel in this case is based in the Northern District of California.

The only potential witness that B.E. could plausibly identify within the Western District of Tennessee is perhaps Martin David Hoyle, the named inventor of the '314 patent and B.E.'s registered agent in Tennessee.  *See* Exhibit C.  Mr. Hoyle is not a third-party witness and accordingly there should be no issue with obtaining deposition testimony from Mr. Hoyle and/or compelling him to attend trial in the Northern District of California.  Indeed, courts have repeatedly granted motions to transfer despite a single employee or inventor who may happen to reside within a district when the facts overwhelmingly favor transfer, as they do here.  *See, e.g.*, *Droplets, Inc. v. Amazon.com, Inc.*, Case No. 2:11-cv-392, 2012 U.S. Dist. LEXIS 122978 (E.D. Tex. June 27, 2012) (granting motion to transfer despite plaintiff having headquarters and a single employee within the district); *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936 (E.D.

Va. 2001) (granting motion to transfer despite third-party inventor of asserted patent residing within the district).

### III. Potential Third Party Witnesses and Documents Are Located Primarily in the Northern District of California.

A significant number of third party witnesses in this case are likely located outside of Tennessee, with a significant number already identified within the Northern District of California. For example, a substantial number of other third-party witnesses and documents knowledgeable about prior art to the '314 patent are located in California. These include the named inventors of at least the following prior art patents relevant to Groupon's invalidity defenses and counterclaims:

- U.S. Patent No. 5,933,811, with inventors in Los Angeles and Redondo Beach, California (both in the Central District of California);

- U.S. Patent No. 6,128,663, with an inventor from Campbell, California (Northern District of California);

- U.S. Patent No. 6,134,532, with inventors from San Diego, California (Southern District of California);

- U.S. Patent No. 6,285,985, with an inventor from Cupertino, California (Northern District of California);

- U.S. Patent No. 6,285,987, with an inventor from San Francisco, California (Northern District of California);

- U.S. Patent No. 5,740,549, with inventors in San Francisco and Cupertino, California (both in the Northern District of California);

- U.S. Patent No. 5,263,164, with a named inventor in Rocklin, California, and assignee in Redwood City, California (in the Central and Northern Districts of California);

- U.S. Patent No. 5,696,965, with a named inventor in Hillsboro, Oregon, and assignee in Santa Clara, California (Northern District of California);

- U.S. Patent No. 5,794,210, with inventors and assignee in Berkeley, California (Northern District of California);

• U.S. Patent No. 5,710,884, with an inventor from Hillsboro, Oregon, and assignee in Santa Clara, California (Northern District of California); and

• U.S. Patent No. 5,717,923, with inventors in Hillsboro, Oregon, and assignee in Santa Clara, California (Northern District of California).

Accordingly, in connection with establishing that the technology disclosed in these patents is, in fact, prior art that either anticipates or renders obvious the '314 patent, Groupon or the other Defendants are likely to subpoena at least the inventors and/or assignees of the patents for documents and testimony in support of their invalidity defenses. This evidence would be within the Northern District of California, and the Northern District of California would be a much more convenient venue for these witnesses.

Moreover, as discussed above, at least one former Groupon employee involved in the design, development, and operation of the accused products is located in the Northern District of California. *See* Thacker Decl. ¶ 8.  Any subpoena issued to him would be outside this jurisdiction, but would be subject to the jurisdiction of the Northern District of California.

## APPLICABLE LAW

Pursuant to 28 U.S.C. § 1404(a), for the "convenience of the parties and witnesses" and "in the interest of justice," a court may transfer a civil action to any judicial district in which it could have been brought. 28 U.S.C. § 1404(a); *see also Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  The Supreme Court has noted that Section 1404(a) is intended to give district courts discretion to evaluate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Pursuant to Sixth Circuit law, the "threshold" determination for the court is whether the claims at issue could have been brought in the proposed transferee district. *Returns Distribution Specialists, LLC v. Playtex Prods., Inc.*, No. 02-cv-1195, 2003 WL 21244142, at *6 (W.D. Tenn.

May 28, 2003). It is then up to the district court to weigh the convenience of the parties and witnesses in both forums, balancing several private and public interest factors. *See Moses*, 929 F.2d at 1138; *Cont'l First Fed., Inc. v. Watson Quality Ford, Inc.*, No. 3:08–0954, 2010 WL 1836808 (M.D. Tenn. May 6, 2010).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial [of a case] easy, expeditious and inexpensive." *Quality Gold, Inc. v. West*, No. 1:11-CV-891, 2012 WL 1883819, at *2 (S.D. Ohio May 22, 2012) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)); *see also Cherokee Export Co. v. Chrysler Int'l. Corp.*, No. 96-1745, 142 F.3d 432, 1998 WL 57279, at *3 (6th Cir. Feb. 2, 1998) (unpublished table opinion). Meanwhile, the public interest factors include: "(1) the administrative difficulties flowing from court congestion; [and] (2) the localized interest in having localized interests decided at home." *In re Genentech*, 566 F.3d at 1342, While a plaintiff's choice of venue may in certain circumstances be entitled to some deference, "it is not sacrosanct, and will not defeat a well-founded motion for change of venue." *L&P Prop. Mgmt. Co. v. JTMD, LLC*, No. 06-13311, 2007 WL 295027, at *3 (E.D. Mich. Jan 29, 2007) (citation omitted); *Returns Distribution Specialists,* 2003 WL 21244142, at *9 (wherein "the overwhelming inconvenience to the witnesses outweighs the Plaintiff's interest in choosing their own forum").

## ARGUMENT

**I.     B.E. Could Have Brought This Case in the Northern District of California.**

A patent infringement action may be brought in the district where the defendant resides. *See* 28 U.S.C. § 1404(b). Because Groupon operates offices in Palo Alto and San Francisco, California, it "resides" within the Northern District of California and is subject to personal

jurisdiction there under 28 U.S.C. § 1391(c). *See* Thacker Decl. ¶ 4. Consequently, venue is proper in the Northern District of California.

## II. The Private Factors Favor Transfer to the Northern District of California.

### A. *The Location of Sources of Proof in California Favors Transfer.*

The relative ease of access to sources of proof, the first private interest factor, takes into consideration the location of documents and physical evidence. *Just Intellectuals, PLLC v. Clorox Co.*, No. 10-12415, 2010 WL 5129014, at *4 (E.D. Mich. Dec. 10, 2010). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (citing *In re Genentech*, 566 F.3d at 1345). Therefore, the location of an alleged infringer's research and development-related documents and evidence is an important factor to consider. *See Nintendo*, 589 F.3d at 1199; *L&P Prop. Mgmt. Co.,* 2007 WL 295027, at *4.

Here, the vast majority of potentially relevant documents related to the research, design, and development of any of the potentially implicated Groupon products and services is located in the Northern District of California, while no relevant documents or other evidence are physically located in the Western District of Tennessee. *See* Thacker Decl. ¶¶ 10-11. Thus, the majority of the physical and documentary evidence relevant to the issues of infringement will be found in California since Groupon's research and development efforts relating to the accused technology primarily occur in California. *See id.* ¶¶ 4-5, 7. This factor weighs heavily in favor of a transfer to the Northern District of California. *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *5 (describing how transfer is favored where "[a]ll of Defendants' documents are located at their headquarters in [the transferee district] … [and] Plaintiffs have not identified any sources of

evidence … that exist in [the transferring district]"); *Just Intellectuals*, 2010 WL 5129014, at *4 (same).

### B. *Cost of Attendance for the Parties and the Convenience of Witnesses Favors Transfer.*

This is often the single most important factor for a court to consider when evaluating a Motion to Transfer. *In re Genentech*, 566 F.3d at 1343; *see also Returns Distribution Specialists,* 2003 WL 21244142, at *8 (describing how the cost of attendance for and convenience of witnesses "is probably the single most important factor in transfer analysis"). "Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Nintendo*, 589 F.3d at 1199 (citing *In re TS Tech*, 551 F.3d at 1320). The transferee venue need not be more convenient for *all* of the witnesses, rather, this factor supports transfer when a substantial number of witnesses reside in the transferee venue. *See In re Genentech*, 566 F.3d at 1345. This factor also supports transfer where witnesses likely to be called at trial are important to the operation of the defendant's business. *Returns Distribution Specialists,* 2003 WL 21244142, at *7 ("It would be difficult for Defendants to operate their businesses if their employees were required to be in Tennessee during the trial of this matter.").

Based on Groupon's current understanding of B.E.'s infringement allegations, the vast majority of the relevant engineers and employees relating to the accused products and services work and/or reside in the Northern District of California. *See* Thacker Decl. ¶¶ 4-5, 7. Indeed, Groupon has no engineers in the Western District of Tennessee. Meanwhile, Memphis, Tennessee is more than 1,700 miles from the Northern District of California, and travel there would therefore impose a significant inconvenience for Groupon's witnesses. *See id.* ¶¶ 10-12.

-10-

Moreover, relevant third party witnesses, including inventors and assignees of relevant prior art and former Groupon employees, are all located in the Northern District of California, rendering travel to Memphis inconvenient. Accordingly, transfer is strongly favored in this case. *See, e.g.*, *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *5 (heavily weighing the cost of attendance in favoring transfer where all of Defendant's witnesses were outside the transferor district).

### C. *Availability of Compulsory Process in California Favors Transfer.*

Non-party witnesses who will be critical to the claims and defenses in this case, including with regards to invalidity and infringement, reside in, and are subject to compulsory process within, the Northern District of California. Specifically, numerous inventors and assignees of relevant prior art and at least one former high-level Groupon employee with relevant knowledge about the development of the accused products is located in the Northern District of California. Groupon will need to subpoena at least some of these third parties for documents and depositions, and some may become key witnesses for Groupon at trial.

If this case remains in the Western District of Tennessee, Groupon would be unable to compel any of the aforementioned witnesses, but would be able to in the Northern District of California. This factor therefore significantly supports transfer. *See, e.g.*, *Zimmer Enters., Inc. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 993 (S.D. Ohio 2007) (relying in part on availability of compulsory process to transfer in part); *Just Intellectuals,* 2010 WL 5129014, at *4 (favoring transfer where non-party witnesses likely reside outside the transferor district).

### D. *No Practical Problems Favor This District over the Northern District of California.*

In *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010), the Federal Circuit held that the existence of a co-pending litigation within a District with a single overlapping patent, different products, and the lack of any defendant common to both cases was insufficient

-11-

to overcome the other convenience factors when one considers the "significantly different discovery, evidence, proceedings, and trial" between the cases. As is the case here, B.E. chose to file suit against nineteen different defendants headquartered in various jurisdictions throughout the United States, a significant number of which base their operations in the Northern District of California, and the fact that B.E. filed so many cases does not weigh in favor of maintaining this action in the Western District of Tennessee. To the contrary, the Court should evaluate the facts specific to *this* case—that the accused functionality of Groupon's products and services is developed and maintained in the Northern District of California, while B.E. has few real contacts to the Western District.

### III. The Public Factors Favor Transfer to the Northern District of California.

#### A. *Court Congestion Does Not Weigh Against Transfer.*

In 2011, the median time to trial for a civil case was 34.3 months in the Northern District of California, and 22.6 months in the Western District of Tennessee. *See* Judicial Caseload Profiles for the Northern District of California and Western District of Tennessee from http://www.uscourts.gov/, attached hereto as **Exhibit D**. The average docket of pending cases per judge in 2011 was, however, higher in the Western District of Tennessee than in the Northern District of California (499 as opposed to 475). *Id.* Meanwhile, the average life span of a case was around three months longer in the Western District of Tennessee than in the Northern District of California. *Id.* This factor should therefore be considered neutral. *See, e.g.*, *U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, 2011 WL 127852, at *7 (N.D. Ohio Jan. 14, 2011) (rendering this factor neutral where the median time to trial was shorter, but average docket of pending cases per judge larger and the average life span of a case longer).

### B. *The Northern District of California Has a Substantial Connection to, and Local Interest in, the Adjudication of This Case.*

This case has no unique connection to the Western District of Tennessee, as Groupon does not develop any products or services in the Western District of Tennessee and until very recently, B.E. did not even transact business in this District. By contrast, the Northern District of California has a very strong interest in this case because it is the base of operations for the development of the accused products and services, and is home to relevant Groupon witnesses and evidence. The Northern District of California is clearly the "center of gravity" of the accused activity in this case and is the district in which this case should proceed. *See Just Intellectuals*, 2010 WL 5129014, at *5 (describing how a litigation should proceed where the case finds its "center of gravity"); *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *2 ("center of gravity" is where defendant has its operations). Furthermore, the Northern District is especially interested in the outcome of this litigation considering that the conduct of companies, employees, and third parties located in the Northern District, namely those of the many Defendants B.E. has sued, including Groupon, has been called into question. *See In re Hoffman-La Roche, Inc.*, 587 F.3d at 1336 ("[T]he [transferee venue's] local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district."). Northern District of California is the district with the greater interest in the outcome of this case, and accordingly this factor weighs strongly in support of transfer.

### IV. Plaintiff's Choice of Venue Is Not Entitled to Deference.

When a plaintiff's presence within the transferee district "appears to be recent, ephemeral, and an artifact of litigation," plaintiff's choice of forum is not entitled to any deference. *In re Zimmer Holdings*, 609 F.3d at 1381; *see also In re Microsoft Corp.*, 630 F.3d at 1365; *In re Hoffmann-La Roches Inc*, 587 F.3d at 1336-37; *L&P Prop. Mgmt. Co.*, 2007 WL

295027, at *6. B.E.'s contacts to this district are minimal, recent, and unrelated to this action, and as such its choice of venue should be disregarded. *See In re Microsoft Corp.,* 639 F.3d at 1364; *U.S. ex rel. Kairos Scientia, Inc.*, 2011 WL 127852, at *2 (transfer appropriate where vast majority of the operative facts took place outside the plaintiff's chosen venue).

## V.     MDL Proceedings Should Not Be a Factor in This Transfer Motion.

Considering the number of defendants that have been sued by B.E., this case may, at some point, be subjected to an MDL proceeding. However, that such a proceeding is possible should not be a consideration in this motion to transfer venue. *Winningham v. Biomet Orthopedics, LLC*, No. C 12–00503 JSW, 2012 WL 3860806, *3 (N.D. Cal. Aug. 31, 2012) (finding plaintiff's motion to transfer to an MDL proceeding had "no bearing" on defendant's motion to transfer venue). At present, there are 18 other pending cases on the same or related patents that are at issue here. A significant number of the other defendants have already moved to transfer venue to the Northern District of California (or elsewhere), and it is likely that additional defendants will similarly seek transfer to (or not object to transfer to) the Northern District of California, if not other venues. Since all these cases involve the same or related patents, there is a possibility that these cases may be subject to MDL proceedings. Regardless, whether this case is ultimately subjected to MDL and where the MDL will be located is a decision for a future MDL panel, not this Court. Indeed, determination of this motion to transfer should occur ***before*** the resolution of any prospective MDL motion so that it may aid any future MDL panel. *See Bennett v. Bed Bath & Beyond, Inc.*, No. C 11–02220, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011) (granting motion to transfer despite pending MDL motion); *see also In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.*, 804 F. Supp. 3d 1376, 1378 (J.P.M.L. 2011) (transfer should be decided before the MDL Motion). Even if this case were eventually subject to an MDL transfer, that transfer would affect pretrial proceedings only,

-14-

not the ultimate trial location. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 28 (1998). Here, for all the reasons discussed above, trial venue is clearly improper in the Western District of Tennessee, and this case should proceed in "the current proper forum, and the forum where the case should return for trial should it be remanded following possible MDL proceeding," i.e., the Northern District of California. *See Winningham,* 2012 WL 3860806, at *3.

## CONCLUSION

For all of the foregoing reasons, Groupon respectfully requests that the Court transfer this case to the Northern District of California, which is the clearly more convenient forum.

Respectfully submitted,

/s/ John S. Golwen
John S. Golwen (TN BPR #014324)
Annie T. Christoff (TN BPR #026241)
BASS, BERRY & SIMS, PLC
100 Peabody Place, Suite 900
Memphis, Tennessee  38103
Telephone:     (901) 543-5900
Facsimile:      (901) 543-5999
Email: jgolwen@bassberry.com
            achristoff@bassberry.com

*Of counsel*:
Jeanne M. Gills
Jason J. Keener
Ruben J. Rodrigues
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois  60654
Telephone:     (312) 832-4500
Facsimile:      (312) 832-4700
Email: jmgills@foley.com
            jkeener@foley.com
            rrodrigues@foley.com

*Attorneys for Defendant, Groupon, Inc.*

## **CERTIFICATE OF SERVICE**

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

>                                             */s/ John S. Golwen*

11508697.1