IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

B.E. TECHNOLOGY, LLC,          )
                               )
    Plaintiff,             )
                               )
v.                             )          No.: 2:12-cv-02781-JPM-cgc
                               )
GROUPON, INC.,                 )
                               )
    Defendant.             )

---

## ORDER DENYING MOTION TO TRANSFER

---

Before the Court is Defendant Groupon, Inc.'s ("Defendant or "Groupon") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), filed January 10, 2013. (ECF No. 21.) For the reasons that follow, the Motion is DENIED.

## I.  BACKGROUND

This case concerns Defendant Groupon's alleged infringement of United States Patent No. 6,628,314 (the "'314 patent"). (ECF No. 1.) Plaintiff B.E. Technology, LLC ("Plaintiff or "B.E."), is the assignee of the '314 patent (ECF No. 27 at 2), currently owning "all right, title, and interest in the '314 patent, and has owned all right, title, and interest throughout the period" of the alleged infringement (ECF No. 1 ¶ 10).

B.E. alleges that Groupon infringed the '314 patent "by using a method of providing demographically targeted advertising that directly infringes at least Claim 11 of the '314 patent

either literally or under the doctrine of equivalents." (Id. ¶ 11.)

B.E. filed a Complaint in this Court on September 10, 2012. (ECF No. 1.)  Groupon filed its Answer and Counterclaim on December 31, 2012.  (ECF No. 19.)  Groupon filed its Motion to Transfer Venue on January 10, 2013.  (ECF No. 21.)  B.E. filed a Motion to Dismiss Defendant's Counterclaim and Motion to Strike on January 25, 2013.  (ECF No. 24.)  B.E. filed its Response in Opposition to Defendant's Motion to Transfer Venue on January 31, 2013.  (ECF No. 27.)  With leave of Court, Groupon filed a Reply Memorandum in Support of Its Motion to Transfer on February 19, 2013.  (ECF No. 34.)  On February 1, 2013, Groupon filed a Motion to Stay pending resolution of its Motion to Transfer Venue.  (ECF No. 28.)  The Court granted Groupon's Motion to Stay on February 11, 2013.  (ECF No. 32.)

Groupon seeks to transfer this case to the Northern District of California, where the allegedly infringing technology is "principally developed and maintained." (ECF No. 21-1 at 2.)  Groupon notes that while its "business operations are headquartered in Chicago, Illinois," and "Chicago would normally be the preferred forum for Groupon, the likely Groupon witnesses, documents, and other relevant evidence associated with the accused products and services are located in the Northern District of California." (Id.)

B.E. opposes Groupon's Motion to Transfer.  B.E. is a limited-liability company incorporated in Delaware.  (ECF No. 1 ¶ 2.)  B.E. was originally registered in Michigan, but formally registered to conduct business in Tennessee in September 2012.  (ECF No. 27 at 2.)  B.E. contends that Memphis, Tennessee, is its principal place of business.  (ECF No. 1 ¶ 2.)  Martin David Hoyle ("Hoyle"), B.E.'s founder and CEO, is the named-inventor of the '314 patent.  (ECF No. 27 at 1, 2.)  Hoyle has been a resident of Tennessee since April 2006.  (Id.)

B.E. argues that transfer is inappropriate because it has substantial connections with this district.  B.E. argues that Hoyle has been present in the Western District of Tennessee since 2006, and B.E. "since at least 2008," and that this district is B.E.'s principal place of business.  (Id. at 5.)  B.E. also argues that none of its witnesses are located in the Northern District of California.  (Id. at 7.)  Further, B.E. argues that its corporate documents, including documents relating to the "conception and reduction to practice" of the patent-in-suit, are located in this District.  (Id. at 5.)

## II. STANDARD

Groupon moves the Court to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  (ECF No. 21-1 at 1.)  The statute provides that "[f]or the convenience of the parties and witnesses, in the interest of

3

justice, a district court may transfer any civil action to any
other district or division where it might have been brought."
28 U.S.C. § 1404(a).  "As the permissive language of the
transfer statute suggests, district courts have 'broad
discretion' to determine when party 'convenience' or 'the
interest of justice' make a transfer appropriate."  Reese v. CNH
Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009).

In determining whether to transfer a case under § 1404(a),
the court must first determine whether the claim could have been
brought in the transferee district.  28 U.S.C. § 1404(a)
(allowing transfer to any other district in which the claim
"might have been brought").  Once the court has made this
threshold determination, the court must then determine whether
party and witness "convenience" and "the interest of justice"
favor transfer to the proposed transferee district.  Reese, 574
F.3d at 320; Esperson v. Trugreen Ltd., No. 2:10-cv-02130-STA-
cgc, 2010 WL 4362794, at *5 (W.D. Tenn. Oct. 5, 2010), adopted
2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010).  In weighing these
statutory factors, the court may still consider the private- and
public-interest factors set forth in the pre-Section 1404(a)
case, Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947), but
courts are not burdened with "preconceived limitations derived
from the forum non conveniens doctrine."  Norwood v.
Kirkpatrick, 349 U.S. 29, 31 (1955) (quoting All States Freight

4

v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952)) (internal quotation marks omitted); Esperson, 2010 WL 4362794, at *5.  The United States Court of Appeals for the Sixth Circuit has stated that when deciding "a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  Moore v. Rohm & Haas Co., 446 F.3d 643, 647 n.1 (6th Cir. 2006).

Additionally, the "interest of justice" factor has been interpreted broadly by courts, influenced by the individualized circumstances of each case.  The United States Court of Appeals for the Federal Circuit has set forth a non-exhaustive list of pertinent public-interest factors:

> The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.

In re Acer Am. Corp., 626 F.3d 1252, 1254 (Fed. Cir. 2010); see also In re Nintendo Co., Ltd., 589 F.3d 1194, 1198 (Fed. Cir. 2009) (finding the local-interest factor weighed heavily in favor of transfer); Cincinnati Ins. Co. v. O'Leary Paint Co., 676 F. Supp. 2d 623, 633 (W.D. Mich. 2009) (considering

5

additional factors such as the relative docket congestion of each district).

Initially, B.E. argues that there is a strong presumption in favor of its choice of forum, and that its choice of forum should not be disturbed unless the defendant carries its burden to demonstrate that the balance of convenience strongly favors transfer. (ECF No. 27 at 4-6.) B.E.'s argument is erroneously derived from the more stringent forum-non-conveniens standard. Compare Hunter Fan Co. v. Minka Lighting, Inc., No. 06-2108 Ml/P, 2006 WL 1627746 (W.D. Tenn. June 12, 2006) (applying the appropriate private- and public-interest factors but relying on the forum-non-conveniens doctrine to accord strong deference to the plaintiff's choice of forum), with OneStockDuq Holdings, LLC v. Becton, Dickinson, & Co., No. 2:12-cv-03037-JPM-tmp, 2013 WL 1136726, at *3 (W.D. Tenn. Mar. 18, 2013), and Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc., 138 F.R.D. 89, 92-93 (N.D. Ohio 1991) (recognizing defendants need to make a lesser showing to overcome plaintiff's choice of forum under § 1404(a)), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994). Although there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a), a plaintiff's choice of forum may be considered, but is entitled to less deference. Discussing the difference between the common-law doctrine of forum non

6

conveniens and the federal transfer-of-venue statute in Norwood,
the Supreme Court stated,

> When Congress adopted § 1404(a), it intended to
> do more than just codify the existing law on forum non
> conveniens. . . . [W]e believe that Congress, by the
> term "for the convenience of parties and witnesses, in
> the interest of justice," intended to permit courts to
> grant transfers upon a lesser showing of
> inconvenience.  This is not to say that the relevant
> factors have changed or that the plaintiff's choice of
> forum is not to be considered, but only that the
> discretion to be exercised is broader.

Norwood, 349 U.S. at 32; see also Lemon v. Druffel, 253 F.2d
680, 685 (6th Cir. 1958) ("The choice of the forum by the
petitioner is no longer as dominant a factor as it was prior to
the ruling in Norwood v. Kirkpatrick[.]"); Esperson, 2010 WL
4362794, at *5-6.

Groupon's burden under § 1404(a) is to demonstrate that a
change of venue to the transferee district is warranted.  See
Eaton v. Meathe, No. 1:11-cv-178, 2011 WL 1898238, at *2 (W.D.
Mich. May 18, 2011); Amphion, Inc. v. Buckeye Elec. Co., 285 F.
Supp. 2d 943, 946 (E.D. Mich. 2003); Roberts Metals, Inc., 138
F.R.D. at 93.  "Merely shifting the inconvenience from one party
to another does not meet Defendant's burden." McFadgon v. Fresh
Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn.
Oct. 21, 2005).  "[T]he movant must show that the forum to which
he desires to transfer the litigation is the more convenient one
vis a vis the Plaintiff's initial choice." Roberts Metals,

Inc., 138 F.R.D. at 93 (quoting Mead Corp. v. Oscar J. Boldt Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981)) (internal quotation marks omitted).  If the court determines that the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice of [forum] should prevail."  Stewart v. Am. Eagle Airlines, Inc., No. 3:10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010).

**III. ANALYSIS**

Groupon asserts that B.E. could have brought this action in the Northern District of California.  (See ECF No. 21-1 at 8-9.) B.E. does not dispute this assertion.  (See ECF No. 27 at 4.) The Court agrees with the parties that B.E. could have brought suit in the Northern District of California as personal jurisdiction over Groupon exists in that district.  Therefore, the only issue remaining is whether the balance of the statutory factors — the convenience to the witnesses, the convenience to the parties, and the interest of justice — favors transfer to the Northern District of California.  The Court will address each statutory factor separately and balance these factors to determine whether transfer to the Northern District of California is proper pursuant to § 1404(a).

**A.   Convenience of the Witnesses**

When asserting that a transferee district is more convenient for witnesses, a party "must produce evidence

regarding the precise details of the inconvenience" of the forum chosen by the plaintiff. Esperson, 2010 WL 4362794, at *8.  To satisfy its burden, the movant must do "more than simply assert[] that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district." Id. (quoting Roberts Metals, Inc., 138 F.R.D. at 93).  Further, "[t]o sustain a finding on [this factor] . . . the party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality of evidence and the degree of inconvenience." Eaton, 2011 WL 1898238, at *3 (quoting Rinks v. Hocking, 1:10-CV-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011)) (internal quotation marks omitted).  It is the "materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses," that is crucial to this inquiry. Rinks, 2011 WL 691242, at *3.

Groupon contends that witness convenience favors transfer to the Northern District of California. (ECF No. 21-1 at 4-5, 10-11; ECF No. 34 at 4-5.)  To support this contention, Groupon asserts that the majority of the witnesses on which it intends to rely are located in the transferee district.  These witnesses include "engineers and employees" and numerous third-party

prior-art witnesses.  (ECF No. 21-1 at 4-7, 10-11; ECF No. 34 at 5-6.)

In response, B.E. argues that transfer to the Northern District of California would be equally disruptive to its business and inconvenient to B.E.'s witnesses, "none of whom is located in the Northern District of California." (ECF No. 27 at 7.)  B.E. identifies Hoyle, the named-inventor of the patent-in-suit and founder and CEO of B.E., as its key witness who is located in the Western District of Tennessee.  (Id. at 5.)

Because the convenience of party and non-party witnesses is given different weight, the Court will analyze the witnesses separately.  See Azarm v. $1.00 Stores Servs., Inc., No. 3:08-1220, 2009 WL 1588668, at *4 (M.D. Tenn. June 5, 2009) ("[T]he convenience of potential non-party witnesses, who are not subject to the control of the parties, is a particularly weighty consideration, because it is generally presumed that party witnesses will appear voluntarily in either jurisdiction, but non-party witnesses, with no vested stake in the litigation, may not.").

### 1.  Party Witnesses

Groupon asserts that "the vast majority of the relevant engineers and employees relating to the accused products and services work and/or reside in the Northern District of California." (ECF No. 21-1 at 10.)  Groupon specifically

identifies three current employees as potential witnesses with knowledge of the "design, development, maintenance, and operation of the accused products and services" that are located in the Northern District of California:  David Thacker, Senior Director of Product Management; Amit Aggarwal, Senior Director in Engineering; and Sean O'Brien, Senior Manager in Software Engineering.  (Id. at 4 (citing Thacker Decl., ECF No. 21-2, ¶ 5).)  Groupon further acknowledges that "some Groupon employees with knowledge about Groupon's products and services may be located [at its Chicago, Illinois, headquarters,] including a small group of about 4-5 employees with responsibility for data collection on Groupon's website."  (Id. at 4 n.4 (citing Thacker Decl., ECF No. 21-2, ¶ 6).)

Groupon does not provide any evidence showing that any employees will be unwilling to testify in this district if asked to do so, and only notes generally that travel to the transferor district would "impose a significant inconvenience for Groupon's witnesses."  (ECF No. 21-1 at 10.)  See Esperson, 2010 WL 4362794, at *8.  Courts have noted that "normally a corporation is able to make its employees available to testify when needed." Clark v. Dollar Gen. Corp., No. 3-00-0729, 2001 U.S. Dist. LEXIS 25975, at *9 (M.D. Tenn. Mar. 6, 2001); see also Zimmer Enters. v. Atlandia Imps., Inc., 478 F. Supp. 2d 983, 991 (S.D. Ohio Mar. 14, 2007) (finding that the convenience of witnesses who

11

are employees "will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses"). Accordingly, it appears that Groupon's employees will be able to attend absent any evidence to the contrary.

Therefore, regarding Groupon employees, Groupon does not satisfy its burden. Groupon argues that due to the distance between Memphis and the Northern District of California, approximately 1800 miles, travel to Memphis would impose a significant inconvenience. (ECF No. 21-1 at 10-11.) Yet, the same is true for B.E.'s witnesses, which B.E. asserts do not reside in the Northern District of California. (ECF No. 27 at 7.) Groupon's reliance on Returns Distribution Specialists, LLC v. Playtex Products, Inc., No. 02-1195-T, 2003 WL 21244142 (W.D. Tenn. May 28, 2003), for the proposition that this factor "supports transfer where witnesses likely to be called at trial are important to the operation of the defendant's business" (ECF No. 21-1 at 10) is misplaced.  In Returns Distribution Specialists, the court found that this factor weighed heavily in favor of transfer because the defendant "presented unrefuted evidence that certain witnesses that it expects to call to testify at trial are a 'core group of employees' and that it would be severely disruptive to its business if these employees were all out of town at the same time."  Returns Distribution

Specialists, 2003 WL 21244142, at *7.  In the instant case, the
Court agrees that Groupon's specifically identified employees
are located in the transferee district, and that that their
testimony is likely material.  Unlike Returns Distribution
Specialists, however, Groupon has only provided a general
statement about inconvenience and has provided no evidence or
argument regarding how detrimental the absence of these
employees would be to its business.  As a result, the Court
cannot assess the degree to which Groupon's business would be
disrupted compared to the disruption B.E. will endure due to its
CEO's absence should the case be transferred.  Accordingly, the
Court finds transfer would only shift the inconvenience to B.E.
See McFadgon, 2005 WL 3879037, at *2.

Therefore, because § 1404(a) provides for transfer "to a
more convenient forum, not to a forum likely to prove equally
convenient or inconvenient," distance of travel for employee
witnesses does not weigh in favor of transfer.  Hunter Fan, 2006
WL 1627746, at *2 (citing Van Dusen v. Barrack, 376 U.S. 612,
645-46 (1964)).

Groupon further argues that because it intends to call
employee witnesses located in the transferee district and
because B.E. only identified one witness, Hoyle, this factor
weighs in favor of transfer.  (ECF No. 36 at 6-7.)  Groupon
relies on NISSM Corp. v. Time Warner, Inc., No. 07-20624-CIV,

13

2008 WL 540758 (S.D. Fla. Feb. 25, 2008), where the court granted a transfer in light of the number of the defendants' witnesses significantly outnumbering the plaintiff's single witness, the CEO of NISSM Corp. and inventor of the patent-in-suit. (See ECF No. 34 at 5.) Recognizing that NISSM Corp. is persuasive authority, the Court declines to apply its reasoning in the instant case. Unlike NISSM Corp., which involved one plaintiff and four corporate defendants in a single action, the instant case involves only B.E. and Groupon. See also Droplets, Inc. v. Amazon.com, Inc., No. 2:11-CV-392, 2012 WL 3578605 (E.D. Tex. June 27, 2012) (granting transfer where one plaintiff brought suit against six defendants in a single action and transferor district contained only plaintiff's headquarters and one witness). Although B.E. filed infringement actions against other defendants seeking transfer to the Northern District of California, motions to transfer venue pursuant to § 1404(a) are adjudicated "according to an individualized, case-by-case consideration of convenience and fairness . . . [and] balance [of] a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); accord United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc., 667 F. Supp. 2d 987, 992 (W.D. Tenn. 2010).

The Court acknowledges that the testimony of Groupon's identified employee-witnesses is likely material and that these

employees are located in the transferee district.  While B.E.
did not specifically identify any witnesses beyond Hoyle,
however, B.E. does not have the burden to do so.  A simple
numerical advantage is insufficient on the issues raised by a
motion to transfer.

Moreover, B.E. argues that "[i]t is likely that Groupon's
California-based employees will be deposed in California where
B.E.'s lead counsel is based." (ECF No. 27 at 9.)  This further
indicates that the witness-convenience factor does not weigh in
favor of transfer.  See Hunter Fan, 2006 WL 1627746, at *2
(finding relevant that the plaintiff planned to take depositions
of the defendant's witnesses in California in determining that
the witness convenience factor did not favor transfer).

### 2.   Non-Party Witnesses

While convenience to party witnesses is an important
consideration, "it is the convenience of non-party witnesses,
rather than employee witnesses . . . that is the more important
factor and is accorded greater weight." Steelcase Inc. v. Smart
Techs., 336 F. Supp. 2d 714, 721 (W.D. Mich. Mar. 5, 2004)
(citation omitted) (internal quotation marks omitted).  Groupon
asserts that it has identified at least eleven prior-art patents
"relevant to Groupon's invalidity defenses and counterclaims."
(ECF No. 21-1 at 6.)  Groupon states that it is "likely to
subpoena at least the inventors and/or assignees of the patents

15

for documents and testimony in support of their invalidity defenses." (Id. at 7.) Groupon also identifies an additional third-party witness, a former employee, who has relevant knowledge of the accused products and resides in the transferee district. (Id. at 7, 11.) Groupon further contends that these potential prior-art and third-party witnesses all live in the Northern District of California or a district within the subpoena power of the transferee district, therefore they are subject to compulsory process if the instant case is transferred and any travel to the Western District of Tennessee would be inconvenient. (Id.; see also ECF No. 34 at 5-6.)

B.E. argues that the convenience of third-party witnesses is not entitled to great weight in the instant case because Groupon has not established that the "third party testimony will be material or important." (ECF No. 27 at 10.) B.E. asserts that Groupon has not stated the "relevance, materiality, and importance" of the non-party witnesses' testimony. (Id. at 11.) B.E. further argues that prior-art testimony is "almost certain to be severely limited at the time of trial" and, therefore, such testimony does not weigh in favor of transfer. (Id. at 10.) Additionally, B.E. contends that Groupon has "failed to establish the current locations of any of the inventors or assignees," and "has not presented any evidence that the inventors and assignees are unwilling to testify in Tennessee or

16

how they would be inconvenienced by testifying here." (Id. at 10.)

The availability of compulsory process for unwilling witnesses is a consideration closely related to the convenience-of-witnesses factor and the costs of procuring the witness, and therefore is an important consideration for the Court. See, e.g., In re Acer, 626 F.3d at 1255; Rinks, 2011 WL 691242, at *4. Whether this factor should be given considerable weight depends on the materiality of the testimony to the resolution of the case. Rinks, 2011 WL 691242, at *4. A federal court in the Northern District of California would be able to compel the third-party witnesses to testify at trial, whether located within the transferee district or within the state of California. See Fed. R. Civ. P. 45(b)(2); Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008) ("The California district courts have the power to subpoena witnesses throughout the state pursuant to [Federal Rule of Civil Procedure] 45(b)(2)(C) . . . ."). In contrast, the third-party witnesses would not be subject to the subpoena power in this district, see Fed. R. Civ. P 45(c)(3)(A)(ii), but would be available for deposition in the Northern District of California if unwilling to testify in this district. Therefore, the testimony of such witnesses potentially would "not be live and

therefore could be less persuasive." <u>Rinks</u>, 2011 WL 691242, at *4.

The Court finds that Groupon has met its burden to show the nature of its proposed non-party witnesses' testimony, and that this testimony is likely material to Groupon's invalidity and non-infringement contentions.  Groupon, however, has not indicated why depositions of its non-party witnesses would be inadequate and live testimony required.  To the extent the non-party witnesses' testimony may be presented by deposition, witness inconvenience would not be an issue.  Further, Groupon does not state whether it is aware that any of the non-party witnesses would be unwilling to testify in this district if asked to do so.  As a result, this factor weighs only slightly in favor of transfer.

### B.   Convenience of the Parties

Groupon argues that the Northern District of California is "clearly" the more convenient venue. (ECF No. 21-1 at 2.)  While Groupon organizes its arguments somewhat differently than the Court, the Court finds the considerations relevant to the convenience-of-the-parties factor are the location of the sources of proof and the parties' financial hardships due to litigation in the chosen forum.

### 1.   Location of Sources of Proof

Groupon argues that "the vast majority of potentially relevant documents related to the research, design, and development of any of the potentially implicated Groupon products and services is located in the Northern District of California, while no relevant documents or other evidence are physically located in the Western District of Tennessee." (ECF No. 21-1 at 9.) Groupon contends that B.E. "has likely already produced many, if not all, relevant documents," in its initial disclosures relating to the patent-in-suit and Hoyle's "prior attempts at forming a business." (ECF No. 34 at 1 n.2.) As only 220 documents were produced, Groupon believes the "bulk of relevant documents" are located in the transferee district, which, in turn, favors transfer. (Id. at 3.)

B.E. argues that, because its CEO resides in the Western District of Tennessee, its corporate documents and records, "including documents demonstrating the conception and reduction to practice of [the patent-in-suit]," are located in the Western District. (ECF No. 27 at 5, 12.) B.E. notes that while Groupon's sources of proof are located in the Northern District of California, B.E.'s own sources of proof are located in Tennessee and have been maintained there for years. (Id. at 12.) B.E. also contends that "the location of relevant documentary evidence is increasingly less important in deciding

motions to transfer," and that because documents can be
exchanged electronically the weight given this factor should be
minimal.  (Id. at 12.)  B.E. finally argues that this factor
does not weigh in favor of transfer because "it can be expected
that Groupon will eventually produce its documents to B.E.'s
lead counsel in California, not to B.E. in Tennessee."  (Id. at
13.)

      As an initial matter, the Court disagrees with B.E.'s
contention that advances in electronic document transfer reduce
the importance of the location-of-sources-of-proof factor.  This
notion has been expressly rejected by the Federal Circuit.  See,
e.g., In re Link_A_Media Devices Corp., 662 F.3d 1221, 1224
(Fed. Cir. 2011) (reversing a district court that did not
consider the factor, stating, "While advances in technology may
alter the weight given to these factors, it is improper to
ignore them entirely"); In re Genentech, Inc., 566 F.3d 1338,
1345-46 (Fed. Cir. 2009) (finding clear error where a district
court "minimized the inconvenience of requiring the petitioners
to transport their documents by noting that '[t]he notion that
the physical location of some relevant documents should play a
substantial role in the venue analysis is somewhat antiquated in
the era of electronic storage and transmission'" (quoting
Sanofi-Aentis Deutschland GmbH v. Genentech, Inc., 607 F. Supp.
2d 769, 777 (E.D. Tex. 2009))).

The Court agrees that it is likely that the sheer volume of documents Groupon has in its possession outnumbers the patent-related documents in B.E.'s possession, and that B.E. has already produced documents related to the '314 Patent, but the Court disagrees that this is enough to tip the balance in favor of transfer.  The Court finds that both parties maintain documents in their respective districts; that both sets of documents will be integral to the proceedings; and that Groupon will be expected to serve its documents on B.E.'s counsel in Northern California, not in the Western District of Tennessee. Taken together, the aforementioned facts indicate that, as to the location of the sources of proof, the Northern District of California is a somewhat more convenient venue for the parties to the instant case.  This factor, however, is not sufficient, by itself, to require transfer.

### 2.   Financial Hardships Attendant to Litigating in the Chosen Forum

Groupon argues that "the vast majority of the relevant engineers and employees relating to the accused products and services work and/or reside in the Northern District of California," and the "relevant third party witnesses" are also located there.  (ECF No. 20-1 at 10-11)  As a result, Groupon contends that travel to Tennessee would "impose a significant

inconvenience for Groupon's witnesses." (Id.; see also Thacker Decl., ECF No. 21-2, ¶ 12.)

B.E. states that it "would face a financial burden by having to litigate in the Northern District of California," while Groupon does not assert that it would be "financially incapable of bearing the expense" of litigating the instant case in the transferor district. (ECF No. 27 at 13.) B.E.'s CEO Hoyle states that "B.E. will incur expenses it will not incur if the case remains in Memphis." (Hoyle Decl., ECF No. 27-1, ¶ 9.)

The Court has considered "the relative ability of litigants to bear expenses in any particular forum" among the factors in a § 1404(a) case. Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004). In the instant case, B.E.'s CEO stated that the company will incur additional expenses, but it has not shown with any specificity how detrimental those expenses would be to the company. Further, while Hoyle stated that his personal financial status would be adversely affected by litigating in California, he did not state why or how his personal finances would impact B.E., the party to the instant case. (See Hoyle Decl., ECF No. 27-1, ¶ 9.) The Court agrees that Groupon has not asserted that it cannot bear the expense of litigating in the Western District of Tennessee (see ECF No. 27 at 13), but the Court does not find this to be a dispositive factor in denying Groupon's Motion. But see

22

Siteworks Solutions, LLC v. Oracle Corp., No. 08-2130-A/P, 2008
WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) (finding the
relative financial strengths of the parties did not weigh in
favor of transferring the case, as the party opposed to transfer
showed it "ha[d] no net worth, very little revenue, no gross
profits, no assets, and [would have to] borrow from its owners
in order to pay the litigation expenses").  The Court finds that
the evidence presented is insufficient to make a showing that
B.E. or Groupon will be adversely affected by litigating in
either forum.  The paramount consideration remains whether the
Northern District of California is more convenient to the
parties than B.E.'s chosen forum.

    With respect to convenience, the Court finds this factor
does not weigh in favor of transfer.  While Groupon has made a
showing that costs would be reduced for its potential witnesses
if the case were transferred, it has not made a showing that its
business would be disrupted in an appreciable manner should the
case remain in the Western District of Tennessee.  Additionally,
B.E. has made a showing that its business would be disrupted in
having to prosecute the instant case in California.  Groupon has
shown that the Northern District of California would be a more
convenient forum for it, but it has not shown that the Northern
District of California is a more convenient forum for both

parties.  As a result, the hardship to Groupon does not indicate
transfer is more convenient.

### C.   Interests of Justice

Groupon argues that transfer to the Northern District of
California is appropriate based on additional considerations
that pertain to the interests-of-justice factor.  (ECF No. 21-1
at 12-13; ECF No. 34 at 7-8.)  These considerations include the
"public-interest concerns, such as systemic integrity and
fairness," of the proceedings.  See Moore, 446 F.3d at 647 n.1.
In the instant case, the Court will consider the relative trial
efficiency of the transferee and transferor districts and the
localized interest in the litigation.

### 1.   Trial Efficiency

Groupon argues that while "the Western District of
Tennessee has a shorter median time from filing to trial, . . .
the average docket of pending case per judge is actually higher
in the Western District of Tennessee than in the Northern
District of California."  (ECF No. 34 at 7.)  Groupon admits,
however, that in general this factor is neutral.  (Id.)

B.E. argues that "transfer to the Northern District of
California would likely delay trial of this case by at least one
year."  (ECF No. 27 at 14.)  B.E. cites the 2011 Federal Court
Management Statistics for both districts to illustrate that the
median time from filing to trial in the Northern District of

24

California was 35.4 months, while the median time from filing to trial in the Western District of Tennessee was 20.8 months. (Id. (citing ECF No. 27-4).)

The Court agrees with Groupon and finds this factor neutral to its determination of whether the Northern District of California is the more convenient forum.

### 2.   Local Interest

Groupon argues that the Northern District of California has strong local ties to the instant case because "it is the base of operations for the development of the accused products and services, and is home to relevant Groupon witnesses and evidence." (ECF No. 21-1 at 13.) Groupon also argues that the Northern District of California is "especially interested in the outcome of this litigation considering that the conduct of companies, employees, and third parties located in the Northern District, namely those of the many Defendants B.E. has sued, including Groupon, has been called into question." (Id.) Additionally, Groupon asserts that B.E.'s ties to the Western District of Tennessee should be discounted because it manufactured those ties in anticipation of litigation. (Id. at 13-14.)

B.E. argues that the Western District of Tennessee has a substantial local interest in the instant case because the holder of the patent-in-suit is located in this district and

because Groupon has allegedly infringed the patent in this district.  (ECF No. 27 at 15-16.)  B.E. also asserts that its ties to Tennessee are not "recent, ephemeral, or manufactured for the purposes of litigation." (Id. at 15)  Hoyle stated that he has resided in the Western District of Tennessee since 2006, that Memphis is B.E's principal place of business, and that the sources of proof pertinent to the instant case are located in the district.  (Hoyle Decl., ECF No. 27-1, ¶¶ 2-4, 7-8.)

The Court finds that this factor does not weigh in favor of transfer.  While Groupon has strong local ties to the Northern District of California, the Court finds that B.E.'s connection to the Western District of Tennessee was not manufactured for the purposes of litigation.  B.E.'s founder and CEO, who is also the holder of the patent-in-suit, has resided in the district for seven years.  B.E.'s connections, therefore, are neither "recent" nor "ephemeral."  As a result, Groupon has not demonstrated that the Northern District of California's local interest outweighs that of the Western District of Tennessee.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that, in balancing the statutory factors, Groupon has not demonstrated that the Northern District of California is a more convenient forum than the Western District of Tennessee.  Therefore, Groupon's Motion to Transfer Venue is DENIED.

Accordingly, the Court hereby LIFTS the February 11, 2013, stay of all proceedings.  (ECF No. 32.)  Regarding B.E.'s Motion to Dismiss and Motion to Strike, filed January 25, 2013 (ECF No. 24), Defendant shall have fourteen (14) days from the date of entry of this Order, up to and including July 26, 2013, to file its Response to B.E's Motions.

    **IT IS SO ORDERED** this 12th day of July, 2013.

                /s/ Jon P. McCalla_____
                CHIEF U.S. DISTRICT JUDGE